IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Criminal Action No. 5:06CR5
                                                (STAMP)
JOSEPH LEE HICKS
a/k/a "JO JO HICKS"
a/k/a "JO JO MOSBY,"

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**CONFIRMING PRONOUNCED ORDER OF THE COURT**
**RESOLVING CERTAIN MOTIONS IN LIMINE**

On July 5, 2006, the defendant, Joseph Lee Hicks, filed a motion in limine to prevent the introduction of video and audio evidence, to which the United States responded. That same day, the defendant filed a motion in limine to prevent any testimony regarding any other crimes, wrongs or acts prior to the alleged incident in this criminal action, to which the United States responded. On July 24, 2006, the defendant filed a motion in limine to prevent introduction of evidence regarding other operations involving the confidential informant, to which the United States responded. Finally, on July 25, 2006, the United States filed a motion in limine requesting that the defendant's witness, Thomas Owen, not be permitted to testify as an expert witness under Rule 702 of the Federal Rules of Evidence.

1. <u>Defendant's Motion in Limine to Exclude Introduction of Video and Audio Evidence</u> -- DENIED.

By this motion, the defendant sought an order from this Court preventing the United States from introducing videotape evidence allegedly taken at the time of the two alleged transactions and audio evidence regarding alleged telephone calls between the defendant and a confidential informant. The defendant argued that under Federal Rule of Evidence 402, the video and audiotapes are irrelevant evidence. In addition, the defendant asserted that, pursuant to Federal Rule of Evidence 403, the unfair prejudice to the defendant outweighs any probative value.

In response, the United States argued that the audiotapes are relevant because they are of recorded telephone conversations between the cooperating individual and the defendant in which a meeting place was arranged for the controlled buys. In addition, the United States asserted that the video-recorded activities between the defendant and a confidential informant are relevant because they prove that there were transactions between the parties. The United States further asserted that demonstrative evidence is a valid form of evidence and the admission of recorded conversations between a defendant and a government informant, electrically monitored with the consent of the informant, does not violate the Fourth Amendment or any other evidentiary rules. <u>See</u> <u>United States v. White</u>, 401 U.S. 745 (1971). Finally, the

United States argued that the evidence is relevant because it represents to the jury the allegations and the activities for which the defendant is charged with and standing trial regarding.

This Court found that the video and audio evidence was relevant under Federal Rule of Evidence 402 because it is of the alleged drug transactions alleged in Counts One and Two of the indictment. In addition, this Court found that the probative value substantially outweighed any danger of unfair prejudice to the defendant under Federal Rule of Evidence 403.

Accordingly, the defendant's motion in limine to exclude introduction of video and audio evidence was denied prior to trial.

2.  <u>United States Motion in Limine to Exclude Defendant's Witness, Thomas Owen, as an Expert Witness Under Federal Rule of Evidence 702</u> -- DENIED at trial.

By this motion, the United State sought to exclude the defendant's witness Thomas Owen as an expert under Federal Rule of Evidence 702.

The United States asserted that Mr. Owen would testify that he analyzed an enhanced portion of the videotape and that money counted, handled or transferred to the confidential informant did not exceed $1,000.00. In addition, the United States argued that it believed that Mr. Owen would testify that from his viewing of this enhanced video, he did not see any controlled substances within the video and therefore, would draw a conclusion that the

3

defendant did not distribute crack cocaine to the confidential informant as alleged in Counts One and Two of the indictment.[1] Based upon this assertion, the United States argued that such opinions do not meet the Daubert standard, as the opinions are not grounded in science and are unreliable because they are unsupported speculation for which there is no hypothesis which can be scientifically tested. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

During the trial on July 28, 2006, this Court conducted a preliminary examination of the defendant's expert witness, Thomas Owens. This Court found that the expert testimony as proposed is reliable and relevant under Federal Rule of Evidence 702. Specifically, the testimony is reliable because it would present a certain amount of scientific knowledge and it is relevant because it would assist the trier of fact in understanding the evidence and/or determining the facts in issue.

Further, this Court found that under the Daubert analysis, Mr. Owen's testimony and subject matter can be tested and either can be or has been subjected to peer review. Accordingly, there were sufficient standards that would permit Mr. Owen to testify as an expert witness.

---

[1] As noted below, Mr. Owen never offered at trial any opinion on this subject.

The judge stated that pursuant to Daubert and Federal Rule of Evidence 702, the defendant's expert witness, Mr. Owen, was allowed to testify as to enhanced video images and the amount of money he views as counted, handled, or transferred by the confidential informant. Mr. Owen was not tendered as a witness to give an opinion that the defendant did not distribute crack cocaine to the confidential informant based upon the enhanced viewing of the videotape and defense counsel had indicated to this Court that he would not so testify. Accordingly, the United States' motion in limine to exclude Thomas Owen as an expert witness was denied at trial on July 28, 2006.

3. <u>Defendant's Motion in Limine to Exclude Evidence of Other Crimes, Wrongs or Acts and Defendant's Motion in Limine to Prevent the Introduction of Evidence Regarding Other Operations Involving a Confidential Informant</u> -- DENIED AS MOOT.

Defendant's motion in limine to exclude evidence of other crimes, wrongs or acts is DENIED AS MOOT because this evidence was not offered at trial.

Defendant's motion in limine to prevent introduction of evidence regarding other operations involving a confidential informant is also DENIED AS MOOT because this evidence was not presented at trial.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the defendant and to counsel of record herein.

DATED:   August 11, 2006

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE