IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH LEE HICKS,

    Petitioner,

v.                                                 Civil Action No. 5:08CV185
                                                   Criminal Action No. 5:06CR5

UNITED STATES OF AMERICA,           (JUDGE STAMP)

    Respondent.

### REPORT AND RECOMMENDATION
### THAT § 2255 MOTION BE DENIED
### BUT THAT THE COURT ADVISE THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT THAT PETITIONER'S COUNSEL DID NOT FILE A PETITION FOR A WRIT OF CERTIORARI AS INSTRUCTED BY PETITIONER

### I. INTRODUCTION

On December 15, 2008, petitioner filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody.[1] On December 17, 2008, the Court directed the United States to respond to petitioner's Motion Under 28 U.S.C. § 2255.[2] The United States filed a Motion for Extension of Time to File Response on December 29, 2008 and February 9, 2009[3], which the Court granted on January 8, 2009 and February 10, 2009.[4] The United States filed its Response to Petitioner's Motion Made Pursuant to 28 U.S.C. § 2255 on February 19, 2009.[5] Petitioner filed a Reply to the Government's Response on April 3, 2009.[6]

---

[1] Doc. No. 145.

[2] Doc. No. 149.

[3] Doc. No. 150, 156.

[4] Doc. No. 151, 157.

[5] Doc. No. 158.

[6] Doc. No. 163.

## II. FACTS

**A.   Conviction and Sentence**

Petitioner was indicted February 7, 2006 and charged with two counts of distribution of more than five (5) grams of cocaine base within 1,000 feet of a school. On July 28, 2006 a jury found petitioner guilty on both counts.

Petitioner was sentenced to 262 months on each count, with the sentences to run concurrently on November 13, 2006.

**B.   Appeal**

Defendant appealed his conviction. The United States Court of Appeals for the Fourth Circuit affirmed his convictions on November 28, 2007. A petition for rehearing was denied January 25, 2008. Petitioner's conviction was effective February 4, 2008.

**C.   Federal Habeas Corpus**

Petitioner contends his counsel rendered ineffective assistance because counsel failed to:

**Ground One:**   "Movant's counsel was ineffective when he failed to advise movant on how to deal with the government's plea offer. Counsel did not inform movant about the applicable reduction in his level if he accepted a guilty plea which would have reduced his overall sentence."

**Ground Two:**   "Movant's counsel was ineffective when he did not argue against movant's obstruction of justice enhancement. Additionally, counsel did not challenge the fact that movant's evidence was allegedly pulverized when it was suppose to be crack cocaine but was presented to the jury in powder form, and therefore could not support an aggravated crack sentence."

**Ground Three:** "Movant's counsel was ineffective when he provided movant with incorrect dates which prevented him from filing a petition for a writ of certiorari to the Supreme Court. Moreover, although movant requested counsel file a certiorari he did not do so and deprived movant of filing a certiorari on his own. Additionally, counsel raised on appeal an issue which challenged the signature on the indictment when the real issue concerned the indictment being properly presented in open court."

**First Ground Four:** "Movant's right to be sentenced to accurate information and sufficient evidence was violated when the government was allowed to present evidence to the jury that had to be tampered with when it was allegedly pulverized into powder. Additionally, counsel informed me (Petitioner) that he would seek a lesser included offense instruction for powder cocaine instead of just crack cocaine due to the tampering of the evidence. Also, counsel failed to assure that the evidence presented to the jury was the same evidence allegedly possessed and distributed by movant."

**Second Ground Four:** "Movant's indicted (sic) was not passed in open court in violation of his due process rights causing a jurisdictional defect in his conviction because the Court never had jurisdiction to try and sentence him for violating federal drug laws."

The Government contends:

1) both claims of Ground Two and both claims of First Ground Four are barred because they were either raised on appeal or could have been raised on appeal;

2) there was no ineffective assistance of counsel as to the other grounds;

**D.    Recommendation**

Based upon a review of the record, the undersigned recommends that petitioner's petition be denied and dismissed from the docket but that the Court advise the United States Court of Appeals for the Fourth Circuit that Petitioner's counsel did not file a petition for a writ of certiorari as instructed by petitioner.

### III. ANALYSIS

**A.     Petitioner's Burden of Proof**

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859 *2 (E.D. Va. Jan. 4, 2006).

**B.     Procedurally Barred Claims**

Before evaluating the merits of petitioner's claims, the Court must determine which of petitioner's issues he may bring in his § 2255 motion and which are procedurally barred.

It is well settled that issues previously rejected on direct appeal may not be raised in a collateral attack. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976). Constitutional errors that were capable of being raised on direct appeal but were not may be raised in a § 2255 motion so long as the petitioner demonstrates 1) "cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged error. United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994). Claims of ineffective assistance of counsel not raised on direct appeal and raised

4

on collateral attack do not require a "cause and prejudice" showing because these claims are more appropriately raised on collateral attack. See United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096 (2000); White v. United States, 2006 U.S. Dist. LEXIS 45122, AT *7-8 (S.D. W. Va. June 20, 2006).

**Ground Two - Part One**

Petitioner claims his counsel was ineffective because counsel did not argue against the obstruction of justice enhancement. Sentencing counsel Lash raised this issue at sentencing by filing an objection to the enhancement. The Court overruled the objection, finding petitioner had testified untruthfully at trial. Based upon the Court's finding, it is an argument which could not succeed. Petitioner could have raised this issue on direct appeal but did not. Therefore, Part One of Ground Two has been procedurally defaulted because petitioner has not demonstrated 1) "cause" that excuses procedural default, and 2) "actual prejudice" resulting from the alleged error. Maybeck, 23 F.3d at 891.

**Ground Two - Part Two**

Petitioner claims his counsel did not challenge the cocaine base conviction when the only evidence presented to the jury was powder cocaine. Specifically the Government expert, a DEA forensic chemist, testified he pulverized the substance to a fine powder to get a representative sample. Therefore, petitioner contends he cannot be convicted of a cocaine base offense. First, this issue could have been raised on appeal. Second, petitioner was allowed to file a Pro Se Supplemental Brief by the Fourth Circuit. In the Supplemental Brief, Petitioner claimed his sentence for distributing crack cocaine violates Apprendi v. New Jersey, 530 U.S. 466 (2000) because the indictment charged and the Government proved distribution of cocaine base. Ground

Two - Part Two is phrased somewhat differently. Whether as raised in Ground Two - Part Two or as raised in the Supplemental Brief, the issue has been procedurally defaulted because it either could have been raised on direct appeal or was raised on direct appeal.

**Second Ground Four**

Petitioner claims the indictment was not returned in open court. In the absence of good cause, failure to raise such an issue prior to trial constitutes a waiver. United States v. Colton, 231 F.3D 890, 909 (4th Cir. 2000). Petitioner demonstrates no good cause for failure to raise the issue prior to trial. Further, petitioner could have raised the issue on direct appeal and did not. This issue is procedurally defaulted because petitioner has not demonstrated cause or actual prejudice resulting from the alleged error. Maybeck, 23 F.3d at 891.

**C.     Ineffective Assistance of Counsel**

Claims of ineffective assistance of counsel are measured under a two-part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90.

Second, the petitioner must demonstrate he was prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need
6

not address counsel's performance. Fields v. Att'y Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992).

**Ground One**

Petitioner claims his counsel was ineffective when he failed to advise petitioner how to "deal with" the Government's plea offer. Specifically, petitioner claims his counsel did not inform petitioner that if he pleaded guilty, he would receive a reduction in offense level and hence a reduction in sentence.

First, petitioner maintains his innocence. By maintaining his innocence, petitioner could not have entered a plea of guilty except by Alford plea. Then a question would have arisen as to whether petitioner could have been entitled to the three-level reduction in offense level for acceptance of responsibility offered in Paragraph 8 of the proposed Plea Agreement,[7] because by petitioner's continued assertion of innocence, he would be refusing to accept responsibility and thus would not have received the corollary reduction in sentence.

However, second and more importantly, petitioner's claim is without factual basis. Attached to the Government's response as Ex. 4A is a six-page letter from petitioner's counsel to petitioner shortly before trial, laying out in exhaustive detail the risks and benefits of petitioner's various options in choosing to plead or go to trial. Counsel recommended a plea and estimated a twelve year sentence. The letter also estimated a sentence of 21 years if petitioner went to trial, was convicted, and the court believed petitioner gave perjured testimony. There simply is no factual basis for this claim. It would also appear that, once again, petitioner is not being truthful.

**Ground Three**

---

[7] Doc. No. 158-4.

Petitioner first claims he received ineffective assistance of counsel because counsel told petitioner incorrect dates which prevented petitioner from filing a writ of certiorari with the United States Supreme Court. Second, Petitioner claims he requested counsel file a petition for writ of certiorari, counsel failed to file for the writ. Finally, petitioner claims counsel raised the issue challenging the signature on the indictment when the real issue was the indictment was not returned in open court.

There is a Notice to Defense Counsel filed by petitioner expressing petitioner's request that counsel petition the United States Supreme Court.[8] Counsel did not file the petition as requested. The Fourth Circuit addressed this issue in <u>United States v. Smith</u>, 2008 WL 4951657 and held that Smith's § 2255 motion would be treated as a motion to recall the mandate. Only the Fourth Circuit can recall the mandate. It is recommended the District Court advise the Fourth Circuit of this situation so that it can take any action it deems appropriate. However, these two parts of Ground Three are not a basis for relief in a § 2255 motion.

In the third part of Ground Three, petitioner challenges that counsel raised the issue of the signature on the indictment when counsel was instructed by petitioner to challenge that the indictment was not returned in open court. This issue was addressed in Second Ground Four above.

**First Ground Four**

Petitioner first claims the crack cocaine presented to the jury was tampered with when it was pulverized into powder. This was addressed in Ground Two - Part Two above.

Second, petitioner appears to claim counsel did not propose an instruction for powder cocaine as a lesser included offense as counsel said he would. There was no factual basis for a

---

[8] <u>United States v. Hicks</u>, U.S.C.A. No. 06-5174 Doc. No. 53, filed on April 25, 2008.

8

powder cocaine instruction in this case because the only testimony was that the substance delivered in both instances was crack cocaine.

Finally, petitioner appears to claim counsel did not challenge the chain of custody of the crack cocaine allegedly distributed by petitioner. Petitioner merely makes a conclusionary allegation and does not set forth specific facts to support the allegation. Making bald assertions coupled with the citation of a rule in the hopes that the United States or the Federal Courts will comb the record to make a case for petitioner does not demonstrate that the petitioner is entitled to relief. See R. 2(b)(2), Rules Governing Section 2255 Proceedings, Rule 2, 28 U.S.C.A. foll. § 2255 ("The motion must state the facts supporting each ground").

### IV. **RECOMMENDATION**

Based upon a review of the record, the undersigned recommends that the petitioner's § 2255 motion be denied and dismissed from the docket but that the Court advise the United States Court of Appeals for the Fourth Circuit that petitioner's counsel did not file a petition for writ of certiorari to the United States Supreme Court as instructed.

Within ten (10) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the Recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be filed with the United States District Judge. Failure to timely file objections to this Recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F. 2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

9

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and counsel of record, as applicable.

DATED: July 9, 2009

    /s/ James E. Seibert

JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE