IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH LEE HICKS,

    Petitioner,

v.                                                         Civil Action No. 5:08CV185
                                                                (Criminal Action No. 5:06CR5)

UNITED STATES OF AMERICA,                   (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
DENYING AS MOOT THE PETITIONER'S LETTER MOTION
FOR EXTENSION OF TIME TO FILE OBJECTIONS;
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE; AND
DIRECTING CLERK TO TRANSMIT OPINION TO THE
UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**

I.  Background

On July 28, 2006, after a three-day trial, the pro se[1] petitioner, Joseph Lee Hicks, was convicted of two counts of distribution of more than five grams of cocaine base within 1,000 feet of a school in violation of 21 U.S.C. § 841(a)(1), 841, (b)(1)(B) and 860. On November 13, 2006, the petitioner was sentenced to 262 months imprisonment[2] on each count, with the sentences to run concurrently, to be followed by eight years of supervised release on each count, with the terms to be served concurrently.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 1999).

[2] On August 27, 2009, this Court entered an order reducing the term of the petitioner's imprisonment to 210 months as a result of the amended guideline range pursuant to United States Sentencing Guideline § 1B1.10.

On November 16, 2006, the petitioner filed a notice of appeal. On appeal, the petitioner argued that: (1) his indictment was invalid because it was not signed, in cursive, by the jury's foreperson; (2) the district court erred by denying his motion in limine to preclude the Government from introducing into evidence the videotape of the September 9 controlled buy; (3) the government failed to present legally sufficient evidence to support the jury's guilty verdict; and (4) his sentence violates <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), because he was sentenced for distribution of crack cocaine but the indictment charged and the government's evidence proved distribution of cocaine base.

The judgment of this Court was affirmed by the United States Court of Appeals for the Fourth Circuit in an unpublished per curiam opinion on November 28, 2007.

The petitioner then filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct a sentence by a person in federal custody. The government filed a response to the petition, to which the petitioner replied.

The matter was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.15. Magistrate Judge Seibert issued a report and recommendation recommending that the petitioner's § 2255 application be denied and dismissed with prejudice, but that this Court advise the United States Court of Appeals for the Fourth Circuit that the

2

petitioner's counsel did not file a petition for writ of certiorari to the United States Supreme Court as instructed. The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within ten (10) days after being served with copies of the report. On July 31, 2009, the petitioner filed a letter motion for extension of time to file objections to the report and recommendation. On August 21, 2009, the petitioner filed objections to the report and recommendation. This Court will consider the petitioner's objections. Accordingly, the petitioner's letter motion for extension of time to file objections is granted. However, for the reasons set forth below, this Court adopts and affirms the magistrate judge's report and recommendation in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

III. Discussion

In his § 2255 petition, the petitioner contends that he received ineffective assistance of counsel because trial counsel: (1) failed to advise the petitioner on how to deal with the government's plea offer by not informing the petitioner about the applicable reduction in his level if he accepted a guilty plea; (2) failed to argue against the petitioner's obstruction of justice enhancement and did not challenge the fact that the petitioner's evidence was allegedly pulverized when it was supposed to be crack cocaine, but was presented to the jury in powder form; (3) failed to provide the petitioner with the correct dates for filing a petition for writ of certiorari to the Supreme Court and that counsel failed to raise the "real issue" that his indictment was not presented in open court, but instead appealed that the indictment had not been signed properly; (4) failed to object to the government presenting tampered evidence to the jury; and (5) failed to object to a violation of due process rights because of a jurisdictional defect for not having the indictment read in open court.

In his report and recommendation, the magistrate judge found that the petitioner's second and fifth contentions were procedurally barred for failure to raise the issues on direct appeal. The magistrate judge found that the petitioner's other claims of ineffective assistance of counsel were without merit.

4

In the petitioner's objections, the petitioner objects to Magistrate Judge Seibert's recommendation that two of the claims are barred for failure to raise the issues on appeal.

A. <u>Procedurally Barred Due Process Claims</u>

The magistrate judge correctly recognized in his report and recommendation that issues raised on direct appeal may not be raised in a collateral attack, such as a § 2255 motion. <u>Boeckenhaupt v. United States</u>, 537 F.2d 1182 (4th Cir. 1976). Further, it is well-established law that issues that could have been raised on direct appeal, but were not, may not be later raised in a collateral attack such as a § 2255 motion. <u>Sunal v. Large</u>, 332 U.S. 174, 178-79 (1947); <u>Bousley v. United States</u>, 523 U.S. 614 (1998). As stated by the United States Court of Appeals for the Fourth Circuit:

> In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show <u>cause and actual prejudice</u> resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack.

<u>United States v. Mikalajunas</u>, 186 F.3d 490, 493 (4th Cir. 1999) (emphasis added) (citing <u>United States v. Frady</u>, 456 U.S. 152, 167-68 (1982); <u>United States v. Maybeck</u>, 23 F.3d 888, 891-92 (4th Cir. 1994)).

The petitioner argues that his counsel should have argued against an enhancement for obstruction of justice. At sentencing, the defendant's trial counsel filed an objection to the

5

enhancement. This Court overruled that objection, finding that the petitioner provided untruthful testimony at trial. This issue, which could have been argued on direct appeal, was not raised on direct appeal. The petitioner has not shown cause that excuses the procedural default or actual prejudice resulting from the alleged error. This claim is now procedurally barred.

In the second part of his second contention, the petitioner argues that his counsel should have challenged the cocaine base conviction when it was presented to the jury in powder form. The magistrate judge found that this claim was procedurally barred because this issue could have been raised on appeal, but was not. Secondly, the magistrate judge found that the Fourth Circuit allowed the petitioner to file a pro se supplemental brief, in which the petitioner claimed his sentence for distributing crack cocaine violated Apprendi, 530 U.S. 466. This Court agrees with the magistrate judge that the petitioner phrased the second part to his second claim somewhat differently. This Court finds that this claim was procedurally defaulted because the issue could have been raised on direct appeal, but was not raised.

The petitioner also states that the indictment was not returned in open court. The magistrate judge correctly stated that, in the absence of good cause, the failure to raise such an issue prior to trial results in a waiver of the issue. United States v. Colton, 231 F.3d 890, 909 (4th Cir. 2000). The petitioner has not shown good cause for failure to raise the issue

prior to trial. Furthermore, the petitioner could have, but did not, raise the issue on direct appeal. Because the petitioner has not shown cause or actual prejudice resulting from the alleged error, the issue was procedurally defaulted.

    B.    <u>Ineffective Assistance of Counsel Claims</u>

This Court finds that the petitioner has failed to satisfy the two-pronged analysis provided by <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), to establish a right to an amended sentence or new trial based upon ineffective assistance of counsel. <u>Id.</u> at 687 (providing that defendant must first show counsel's performance fell below an objective standard and next show that the defendant was prejudiced by the counsel's performance). This Court will address each of the petitioner's arguments regarding ineffective assistance of counsel in turn.

    1.    <u>Failure to Advise the Petitioner on How to "Deal with" the Plea Offer</u>

The petitioner believes that his counsel was ineffective for not informing him that if he accepted the government's offer to plead guilty, he would receive a reduction in offense level. This Court agrees with the magistrate judge that this claim is without merit as the petitioner maintains his innocence and the claim is without factual basis.

As stated in the report and recommendation, the petitioner could not have entered a plea of guilty, maintained his innocense, and receive a reduction in offense level for acceptance of

responsibility. A defendant who continues to assert his innocence refuses to accept responsibility.

Secondly, this Court agrees the petitioner's claim is without factual basis. Before trial, the petitioner's counsel gave the petitioner a letter in which counsel provided a detailed risk and benefit summary to the petitioner in choosing whether to go to trial or accept a plea bargain. In the letter, the petitioner's counsel recommended the plea and estimated a twelve year sentence opposed to an estimate of a twenty-one year sentence if the petitioner went to trial, was convicted, and the court believed the petitioner gave untruthful testimony. This Court agrees that there is no factual basis for this claim.

> 2. <u>Failure to Provide the Petitioner with Correct Dates for Filing a Petition for Writ of Certiorari to the Supreme Court, Failure to file a Writ of Certiorari to the Supreme Court, and Failure to Raise the "Real Issue"</u>

The petitioner filed a notice to defense counsel in the Fourth Circuit expressing the petitioner's desire that the counsel petition the United States Supreme Court. The petitioner's counsel did not file the petition. In a case such as this, a § 2255 motion is treated as a motion to recall the mandate. <u>United States v. Smith</u>, 321 Fed. App'x. 229, 233 (4th Cir. 2008). However, only the Fourth Circuit can recall the mandate. For this reason, this Court advises the Fourth Circuit by this memorandum opinion and order of the petitioner's desire to file a petition for writ of certiorari so that it can take any action it deems appropriate.

The petitioner also argues that counsel raised the issue of the signature on the indictment when counsel was instructed to challenge that the indictment was not returned in open court. This Court concluded above that the petitioner procedurally defaulted on this issue by failing to raise it on direct appeal.

3. <u>Failure to Object to the Government Presenting Alleged Tampered Evidence to the Jury</u>

This Court addressed above the petitioner's contention that the crack cocaine presented to the jury was allegedly tampered with when it was pulverized into powder. That claim is procedurally defaulted.

This Court agrees with the magistrate judge that the petitioner appears to assert claims that his counsel did not propose an instruction for powder cocaine as a lesser included offense as counsel said he would and that his counsel did not challenge the chain of custody of the crack cocaine allegedly distributed by the petitioner. There is no factual basis for a powder cocaine instruction here. The magistrate judge correctly noted that the only testimony presented was that the substance delivered for both counts was crack cocaine. The petitioner's chain of custody claim is a conclusory allegation and does not set forth specific facts to support the allegation. Accordingly, the petitioner is not entitled to relief on this ground.

IV. <u>Conclusion</u>

For the reasons stated above, based upon a <u>de novo</u> review, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in

its entirety and the petitioner's objections are OVERRULED. Accordingly, the petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED. The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the Clerk of the United States Court of Appeals for the Fourth Circuit so that she is made aware that the petitioner's appellate counsel did not file a petition for writ of certiorari to the United States Supreme Court as instructed. The petitioner's letter motion for extension of time to file objections to the report and recommendation is DENIED AS MOOT. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this judgment order.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is

likewise debatable.  See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003).  Upon review of the record, this Court finds that the petitioner has not made the requisite showing.  Accordingly, the petitioner is DENIED a certificate of appealability.

The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se petitioner by certified mail, to counsel of record herein and to the United States Court of Appeals for the Fourth Circuit.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    March 28, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE